1    Julie E. Schwartz, Bar No. 260624
      JSchwartz@perkinscoie.com
2    Winnie Hung, Bar No. 291614
      WHung@perkinscoie.com
3    PERKINS COIE LLP
      3150 Porter Drive
4    Palo Alto, CA  94304-1212
      Telephone: (650) 838-4300
5    Facsimile: (650) 838-4350

6    *Attorneys for Movant Non-party*
      TWITTER, INC.

FILED

MAR 11 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV20   80062 MISC

JSC

| | |
|---|---|
| *In the Matter of a Subpoena to Non-party Twitter, Inc.* | Case No. |
| | (S.D.N.Y. Case No. 1:18-cv-02185) |
| Strategic Vision US, LLC, | **DECLARATION OF RYAN MRAZIK IN SUPPORT OF NON-PARTY TWITTER, INC.'S NOTICE OF MOTION AND MOTION TO QUASH OR MODIFY SUBPOENA** |
| v. | |
| Eastern Profit Corp. Ltd., | Date:    April 15, 2020 |
| | Time:    9:00 a.m. |

FAXED

ORIGINAL

I, Ryan T. Mrazik, declare and certify:

1.      I am an attorney at the law firm of Perkins Coie LLP, which is counsel for non-party Twitter, Inc. ("Twitter") in this matter. I am over the age of 18 and competent to testify truthfully to the facts asserted in this declaration, which are based on my personal knowledge.

2.      Attached as Exhibit A is a true and correct copy of a cover letter and subpoena directed to Twitter dated November 4, 2019, seeking information about eight Twitter accounts. I am informed that the subpoena was sent to Twitter via facsimile and FedEx.

3.      Attached as Exhibit B is a true and correct copy of a discovery brief filed by the parties in the underlying litigation pending in the Southern District of New York.

4.      Attached as Exhibit C is a true and correct copy of an order from the Southern District of New York limiting the discovery from non-parties Google, YouTube, and GoDaddy.

5.      On or about February 7, 2020, I discussed this matter with counsel who issued the subpoena to Twitter. During our call, we discussed that Strategic Vision would be willing, consistent with a court ruling on other subpoenas to non-parties such as Google, GoDaddy, and YouTube, to accept a more limited production of account registration information and the IP address associated with the accounts' creation. We discussed that counsel believed this information would support their argument that the plaintiff in the matter is associated with mainland China and not a dissident.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of March, 2020, in Seattle, Washington.

By:_____
Ryan T. Mrazik

2

# EXHIBIT A



# Graves Garrett LLC

## Facsimile Transmittal Sheet

Date: 11/04/2019

To: Twitter, Inc. – Attn: Trust & Safety – Legal Policy
Fax Number: 1-415-222-9958

From: Edward D. Greim
Phone Number: (816) 256-4144

Total No. Of Pages: 14

☐ Urgent
☑ For Review
☐ Please Comment
☑ Please Reply

Notes/Comments: This submission is by Defendant/Counterclaimant Strategic Vision, LLC
*Eastern Profit Corp. Ltd. V. Strategic Vision US, LLC, 18-cv-2185 (JGK)*

This facsimile message is confidential and may contain attorney privileged information intended only for the use of the individual or
company named.

If the reader is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of this communication is strictly prohibited. If you receive this communication in error, please immediately notify us, so that
we may arrange for the return of the original message to us. Thank you.

11-04-'19 15:15 FROM- Graves Garrett          816-256-5958          T-127  P0002/0014 F-336



**Graves Garrett** LLC

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

November 4, 2019

**BY FEDEX AND FAX**
Twitter, Inc.
c/o Trust & Safety – Legal Policy
1355 Market Street, Suite 900
San Francisco, CA 94103
Fax: (415) 222-9958

> Re:   **Document Subpoena to Twitter in the Matter** *Eastern Profit Corporation*
> *Limited v. Strategic Vision US LLC,* Case No. 1:18-cv-02185-JGK-DCF
> **(S.D.N.Y.)**

Sir or Madam:

Enclosed on behalf of the defendant in this action is a subpoena duces tecum issued pursuant to Rule 45 of the Federal Rules of Civil Procedure for the production of documents in the above-referenced action. Twitter is required to respond to the subpoena no later than seven (7) days after service of this subpoena.

The subpoena requests registration information for accounts:

| | | | |
|---|---|---|---|
| a. | @mileskwok7 | e. | @Rulai_RPG |
| b. | @mileskwok | f. | @gguowengui |
| c. | @kwokmiles | g. | @sarawei3 |
| d. | @GuoWengui2018 | h. | @guomedia |

If you have any questions regarding this subpoena, or to obtain instructions on delivering your response electronically, please contact me or my colleague Lucinda Luetkemeyer at LLuetkemeyer@GravesGarrett.com.

Sincerely,

Edward D. Greim

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| Eastern Profit Corporation Limited | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:18-cv-02185-JGK |
| Strategic Vision | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Twitter, Inc., c/o Trust & Safety - Legal Policy
          1355 Market Street, Suite 900, San Francisco, CA 94103
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          See attached.

| Place: Graves Garrett 1100 Main Street, Suite 2700, Kansas City, MO 64105 attn: Edward Greim | Date and Time: 11/12/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

          The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/04/2019

          *CLERK OF COURT*
                                        OR

          _____          s/Edward Greim
          *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Strategic Vision
_____ , who issues or requests this subpoena, are:

Edward Greim, 1100 Main Street, Kansas City, MO, 64105, EDGreim@gravesgarrett.com, (816) 256-4144

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:18-cv-02185-JGK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

EASTERN PROFIT CORPORATION LIMITED,

      Plaintiff/Counterclaim Defendant,

                                    Case No. 18-cv-2185

      v.

STRATEGIC VISION US, LLC,

      Defendant/Counterclaim Plaintiff.

-----------------------------------------------------------------------------------------------------------

### DEFENDANT'S SUBPOENA FOR DOCUMENTS TO TWITTER

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the

documents and things designated herein for inspection at the offices of Graves Garrett LLC, 1100

Main Street, Suite 2700, Kansas City, Missouri 64105, or such other place as is mutually agreed

to by counsel for Defendant and you, within 7 days of service, as provided under the Federal

Rules of Civil Procedure. This subpoena for documents, including each individual Request for

Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the

definitions and instructions identified below.

### DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in

the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following

instructions and definitions shall apply:

      1.      The singular of each word shall be construed to include its plural and vice-versa,

and the root word and all derivations *(e.g.,* "ing," "ed") shall be construed to include each other.

The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

      2.      If the requested documents are maintained in a file, the file folder is included in the

request for production of those documents.

3. The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

4. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" in Fed. R. Civ. P. 34(a)(l)(A). The terms "document" and "documents" are defined to include all writings of every kind and all electronically stored information ("ESI"), including but not limited to videos, photographs, sound recordings, images, charts, maps, records, memoranda, correspondence, handwritten or typewritten notes, calendars, diaries, telephone messages, data or data compilations, emails, attachments to emails, instant messages, PowerPoint presentations, spreadsheets, all other writings in hard copy or in electronic form, and all other material stored on computers, computer discs, CDs, DVDs, Blackberry or smartphone devices, tablets, personal digital assistants, USB "thumb" drives, electronic calendars, and telephone systems.

5. A draft of a non-identical copy is considered a separate document.

6. The terms "electronically stored information" and "ESI" are defined to be synonymous in meaning and equal in scope to the usage of "electronically stored information" in Fed. R. Civ. P. 34(a)(l)(A). "ESI" includes data on all servers, including IP addresses, MAC addresses, active data, archived data, deleted data, and legacy data, as well as data on removable electronic media and in any other location where documents relevant to the Requests may be found.

7. The terms "you" and "your" shall mean and refer to Twitter, any parent, predecessor, subsidiary, affiliate, successor, member and/or affiliated entities, past or present, of Twitter, and any person or entity, past or present, acting on behalf of Twitter, including but not limited to, each of its respective present and former officers, executives, partners, directors, employees, attorneys, agents, and/or representatives.

8.      The term "including" shall be construed as "including, but not limited to."

9.      When referring to a person, "to identify" means to give, to the extent known, the person's full name and present or last known address.

10.     Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees; each other person, directly or indirectly owned or controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

11.     Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

12.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

13.     If you file a timely objection to any portion of a Request, definition, or Instruction, provide a response to the remaining portion.

14.     The relevant period for these requests is January 1, 2017 to the time of the response to

this subpoena.

15.    The "Accounts" shall mean:

   a.    @mileskwok7
   b.    @mileskwok
   c.    @kwokmiles
   d.    @GuoWengui2018
   e.    @Rulai_RPG
   f.    @gguowengui
   g.    @sarawei3
   h.    @guomedia

16.    The "Terms of Service" shall mean the agreement posted at:

https://twitter.com/en/tos

17.    The "Privacy Policy" shall mean the policy posted at:

https://twitter.com/en/privacy

18.    The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

### Document Request No. 1

Documents sufficient to show identifying information for the person or persons who registered the Accounts, including any registration agreements, date of registration, names, company names, physical addresses, IP addresses, phone numbers, dates of access, and email addresses associated with the Accounts.

### Document Request No. 2

All reports or other information associated with the Accounts, including underlying registrant data, shared with law enforcement or government bodies.

### Document Request No. 3

All documents including but not limited to any reports of abuse related to suspected or

actual violations by the Accounts of Your policies, including Your Terms of Service.

**Document Request No. 4**

Documents sufficient to show all other Accounts associated with any of the addresses, phone numbers, or email addresses associated with the Accounts.

**Document Request No. 6**

All data described in Your Privacy Policy, including but not limited to protocol data, tracking data, geographic data, data related to mobile applications, Whois data, and data collected by cookies and similar technologies, associated with the Accounts.

**Document Request No. 7**

All billing records associated with the Accounts.

**Document Request No. 8**

All account related information associated with the Accounts, as described in Your Privacy Policy.

**Document Request No. 9**

What other Twitter accounts are associated with each of the users/account holders identified as associated with each of the Accounts.

**Document Request No. 10**

The date each Account was created, including the IP address used to create the Account.

**Document Request No. 11**

A listing of each date, time, and IP address used to log in by the user/account holder for each of the Accounts.


Dated: November 4, 2019

Respectfully submitted,

GRAVES GARRETT LLC

*s/ Edward D. Greim*
Edward D. Greim, #4240172
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
ATTORNEYS FOR
DEFENDANT/COUNTERCLAIM PLAINTIFF

## Text of Federal Rule of Civil Procedure 45(d) and (e)

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1)     *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2)     *Command to Produce Materials or Permit Inspection.*

(A)     *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)     *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)     At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)     These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)     *Quashing or Modifying a Subpoena.*

(A)     *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)     fails to allow a reasonable time to comply;

(ii)     requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii)     requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

         (iv)     subjects a person to undue burden.

       (B)    *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

         (i)     disclosing a trade secret or other confidential research, development, or commercial information; or

         (ii)     disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

       (C)    *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

         (i)     shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

         (ii)     ensures that the subpoenaed person will be reasonably compensated.

**(e) DUTIES IN RESPONDING TO A SUBPOENA.**

     (1)    *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

       (A)    *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

       (B)    *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

       (C)    *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

       (D)    *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that

showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)     *Claiming Privilege or Protection.*

    (A)     *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

        (i)     expressly make the claim; and

        (ii)     describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    (B)     *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# EXHIBIT B



**Graves Garrett** LLC

Edward D. Greim
Direct Dial: (816) 256-4144
edgreim@gravesgarrett.com

December 23, 2019

**VIA ECF**
Hon. Debra Freeman
Daniel Patrick Moynihan
United States Courthouse
Courtroom 17A
500 Pearl Street
New York, New York 10007

Re:   Eastern Profit Corp. Ltd. v. Strategic Vision US, LLC, Case No. 18-cv-2185 (JGK)-DCF
      Motion to Enforce Subpoenas to Nonparties

Dear Judge Freeman:

Defendant/Counterclaimant Strategic Vision US, LLC ("Strategic Vision"), moves the Court for an order enforcing various subpoenas to nonparties AT&T and Google, and enjoining counsel for nonparties to this action from further interference with other lawfully served subpoenas. The objecting parties lack standing to object to the nonparty subpoenas on the basis of overbreadth and burden, and they fail to state particularized objections or assert some personal right or privilege with regard to the documents sought by the subpoenas. Further, counsel for the objecting parties refuses to specify on which clients' behalf they object, asserting an impermissible blanket objection on behalf of all recipients, and leaving Strategic Vision without a way forward to even attempt to narrow the subpoenas. Lacking standing and failing to assert any personal privilege or right, Guo and GSNY's objections to the nonparty subpoenas—which seek relevant and not privileged information—should be overruled.

Finally, Strategic Vision asks this Court for an order barring counsel for third parties Guo Wengui ("Guo") and Golden Spring (New York) Ltd. ("GSNY") from further impermissible interference with subpoenas to nonparties where no motions to quash have been made and the subpoena recipient itself has not objected. "Nowhere in the Rule is it contemplated that the adversary of the party seeking the information may advise, no matter the reasons, the person commanded by the subpoena to produce the information to ignore the subpoena's command." *Price v. Trans Union, L.L.C.,* 847 F.Supp.2d 788, 794 (E.D.Pa. 2012). This impermissible attempt to subvert the court's role in the discovery process exposes counsel to sanctions.

**Background**

Throughout this litigation, counsel for third parties Guo Wengui ("Guo") and Golden Spring (New York) Ltd. ("GSNY") have sought to prevent Strategic Vision from obtaining relevant discovery.  After multiple attempts to discover information highly relevant to its claims and defenses through depositions and standard discovery, Strategic Vision served several subpoenas on

1



Graves Garrett LLC

nonparties, including AT&T and Google—for account and registration information showing contacts with Mainland China by ACA, GSNY, Guo, and their agents and employees who are inextricably intertwined with the facts of this case. *See* Ex. A. These third-party subpoenas do not seek the contents of communications, but instead request standard registration and account information, addresses, and data showing whether the account holders and authorized users had contacts with mainland China[1]—information that could destroy the narrative by Eastern Profit, GSNY, Guo, and others that Guo is a dissident. Though Strategic does not believe responsive information would implicate privacy interests of the nonparties, any privacy concerns are protected by the confidentiality provisions of the protective order in this case. *See* Dkt. No. 40.

Following the service of these third-party subpoenas to AT&T and Google on October 21, 2019, October 31, 2019, and November 4, 2019, counsel for Guo and GSNY filed two letter motions purporting to object to—but not asking the Court to quash—the subpoenas. Dkt. Nos. 191, 192. Counsel for Guo and GSNY refused to specify which accounts subpoenaed belong to their clients, but made blanket objections that the records sought were "wildly overbroad" (Dkt. 191) and "unduly burdensome and plainly harassing" (Dkt. 192). Counsel's objections to the phone provider subpoenas (Dkt. No. 191) were made only on behalf of GSNY—though they admit the subpoenas request records from "GSNY and others"—none of whom objected despite receiving notice from the provider. Similarly, counsel for Guo and GSNY's letter objecting to the Google subpoenas for registration information did not specify which email addresses and YouTube accounts belong to their clients, instead conceding that only "[o]ne of the three YouTube accounts and one of the six email addresses for which information is requested are Mr. Guo's and one of the six email addresses is that of Yvette Wang." Dkt. No. 192.

During a November 8 phone conference, the Court acknowledged that the objections were not styled as motions to quash,[2] but directed the parties to "have a full good faith conference." Dkt. No. 193. Counsel for Strategic then attempted to confer with Guo and GSNY about the subpoenas. Counsel for Guo and GSNY refused to specify the basis for their objections or even which clients had standing to object, though they conceded they do not represent owners of all of the accounts listed in the subpoenas. In subsequent communications with Strategic Vision, counsel for Guo and GSNY refused to specify the basis for their objections to the Google and AT&T subpoenas, or even to provide a basis for standing to object to these third-party subpoenas. *See* Ex. B. Counsel would not provide Strategic Vision with a list of the accounts to which they referred in the November 8 letter motion, though they conceded that not all of the Google accounts subpoenaed belonged to their clients. *See* Dkt. No. 192. Strategic Vision offered the possibility of narrowing the subpoenas if it could learn which of the accounts listed belonged to their clients. Counsel for Guo and GSNY continued to withhold the basis for objecting to the subpoenas in their entirety, nor would they say which of the Gmail addresses or YouTube accounts belong to their clients. It is fair to say, however, that very little of the contested information belongs to their clients. For example, Counsel for Guo and GSNY refused to withdraw objections to the portions of the YouTube subpoenas seeking registration information from Guo Media YouTube accounts, though they did conceded

---

[1] An earlier objection by counsel for GSNY resulted in Strategic's withdrawal of a request for "geographic tracking" information in subpoenas to Google, Twitter, and LinkedIn.
[2] Dkt. No. 193, Tr. Conference at 15:23-25 ("…I'm not sure that these matters are fully submitted as motions to quash.")



**Graves Garrett** LLC

that they did not represent Guo Media. Guo apparently maintains his claim to have standing to object on behalf of Guo Media despite the fact that Guo has testified under oath to have no control over Guo Media and to not know who owns or controls it. Guo Tr. 219:7-14.

It remains unclear which accounts listed in the AT&T and Google subpoenas belong to Guo and GSNY, or clients of their counsel. As explained in detail below, counsel for Guo and GSNY lack standing to object to these nonparty subpoenas. Counsel for one party cannot ask for an order to protect the rights of another party where that party does not seek the relief himself, and where they assert no personal right or privilege over the subpoenaed information. Because there is nothing in their letters "that could be construed as claiming any personal right or privilege impacted by the information sought in the subpoenas," this court should deny counsel for Guo and GSNY's attempts to quash these subpoenas in their entirety. *See Wood v. Mut. Redevelopment Houses, Inc.,* 2019 WL 6174369, at *8 (S.D.N.Y. Nov. 19, 2019) (Freeman, J.). ⁒

⁒ Even more troubling, in the days since Strategic conferred with Guo and GSNY's counsel about the nonparty subpoenas and informed them it planned to move to compel, counsel for Guo and GSNY affirmatively contacted at least one other recipient of *different* third party subpoenas on the eve of its scheduled production. Counsel for Guo and GSNY affirmatively instructed this provider not to respond to Strategic's lawfully served subpoenas, even though no motion to quash has been filed and no order from this Court has issued. These attempts to interfere with nonparty subpoenas are the type of improper conduct that has warranted sanctions in many other courts and they must not be allowed here.

**The Subpoenas Seek Relevant Information**

Federal courts are authorized to enforce subpoenas to non-parties to "compel testimony or the production of documentary evidence in an ongoing case." *Estate of Ungar v. Palestinian Auth.,* 396 F. Supp. 2d 376, 379 (S.D.N.Y. 2005). Subpoenas allow a party to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *Koch v. Greenberg,* 2009 WL 2143634, at *2 (S.D.N.Y. July 14, 2009) (Freeman, J.) (citing FED. R. CIV. P. 26(b)(1)). "Relevance for purposes of discovery is an extremely broad concept." *Ross v. UKI Ltd.,* 2004 WL 67221, at *7 (S.D.N.Y. Jan. 15, 2004). Indeed, "[i]nformation sought is relevant if there is 'any possibility' that it may lead to the discovery of admissible evidence regarding any claim or defense." *Zinter Handling, Inc. v. General Electric Co.,* 2006 WL 3359317, at *4 (N.D.N.Y. Nov. 16, 2006).

Rule 45 subpoenas are subject to the relevance requirements set forth in Rule 26(b) such that "the district judge need not . . . quash a subpoena . . . if there is any ground on which [the documents sought] might be relevant." *Crespo v. Beauton,* 2016 WL 259637, at *2 (D. Conn. Jan. 21, 2016). Accordingly, courts regularly enforce subpoenas to nonparties where, as here, the subpoena seeks relevant information under Rule 45. *See In re Kleimar N.V.,* 220 F. Supp. 3d at 522 (S.D.N.Y. 2016) (denying motion to quash and finding relevance, and no undue burden, where movant "was already able to identify many transactions and documents responsive to the subpoena"); *Crespo,* 2016 WL 259637, at *2-3 (finding relevance where the documents requested were "relevant to the reasonableness of" defendant's conduct as they "provid[ed] context for how



Graves Garrett LLC

[defendant] acted in relation to how the rules and regulations" said defendant should act); *Coen v. Americare Certified Special Servs., Inc.*, No. 13-cv-5522, 2014 WL 1237258, at *2 (E.D.N.Y. Mar. 25, 2014) (finding "the documents sought are sufficiently relevant to be discoverable, in that they may well corroborate the allegations in the Complaint" and "do relate to matters that are very much in dispute").

The requested material is directly relevant to Strategic Vision's breach of contract defense and fraud counterclaim. For the contract defense, Strategic Vision will show that Je (using ACA, which he controls after being hired for that purpose by Guo) is simply the "money man" for Guo's U.S. influence operation; that all of the entities (which Guo claims are distinct) actually work in unison under his direction, so that the "loan" between ACA and Eastern Profit was a sham; that Eastern never paid Strategic Vision money recoverable via breach of contract, and there is no expectation that Eastern will ever "repay" ACA for the money advanced to Strategic; and that Je himself, who Eastern Profit claimed was "chasing" it for loan repayment, actually advised Guo not to file this lawsuit to recover the $1 million in ACA funds paid to Strategic. With respect to the fraud claim, as Strategic Vision has already argued, ACA and Je's connection to the PRC and CCP—to be very clear, to the Mainland—destroy any claim that Guo and his network are true dissidents who don't (and can't) move money from Hong Kong and the Mainland for "dissident" operations in the U.S. *See* Strategic Vision's Motion to Compel and Reply regarding ACA and Je (Dkt. Nos. 197 and 206). Indeed, even though Eastern Profit claims that all of its Hong Kong assets were frozen because its dissident activity with Guo ran afoul of the CCP on the Mainland, ACA—a conspicuous part of Guo's network—freely pays for Guo's operations in the U.S., including the contract at issue. *Id.*

Strategic has sought the phone records of Guo, as well as others in his network who have not objected, to show that (1) the supposedly independent entities all use the same few agents; and (2) several of these, who are supposedly "dissidents" who were directly involved with Strategic's contract, in fact have made high volumes of calls and texts on open lines to the Mainland, and that activity corresponds to key events in this case—such as the wiring of ACA's money to Strategic Vision. A longtime dissident, Sasha Gong, recently testified that one would never expect to see such calls from true dissidents to the Mainland, even where (as she does) that dissident still has family who are under threat by the regime. We believe the records will show that just such calls are occurring.

Second, non-phone-record subpoenas to Google, Youtube, and GoDaddy (not all of which are or have been objected to) will show who actually registered and, in some cases, is billed for, the accounts of supposedly independent entities and individuals. Further, in some cases, these records will show that authorized users access the accounts and control key websites directly from Mainland China—a substantial development in the case. It is not entirely unexpected, however, given ACA's (through William Je) continuous business on the Mainland (*see* Dkt. 197), and Mr. Je's roles in advising Mainland governmental units, in serving directly and openly on the Chinese People's Political Consultative Conference, and in serving on a Chongqing-Hong Kong "patriotic group" of the type Beijing is known to use to exert political influence in Hong Kong. *See* Dkt. 197 (providing general information on Je). Finally, two Youtube accounts subject to the subpoena are themselves believed to be run by the CCP. Surely Guo and GSNY do not claim standing to object to

4



**Graves Garrett** LLC

these subpoenas. Indeed, if their stories are true, they should welcome information Strategic is about to uncover regarding their supposed tormentors.

In short, the internet-related subpoenas will show that Guo, Je, and their entities, Eastern Profit, GSNY, and ACA are extraordinarily intertwined and are tethered to the Mainland.[3] Where a subpoena to a nonparty seeks information designed to ascertain the contacts and financial relationships among entities that are "extraordinarily intertwined" with parties, a motion to quash should be denied. *See Ross v. UKI Ltd.*, 2004 WL 67221 at *7 (S.D.N.Y. 2004) (allowing plaintiffs to take discovery regarding relationships among defendants where there were allegations suggestive of an alter ego relationship); *Zinter Handling v. General Electric Co.*, 2006 WL 3359317, at *4 (N.D.N.Y. 2006) (denying motion to quash where movant argued that non-party and defendant were two distinct and separate entities where evidence proffered on motion showed that two companies, although distinct legal entities, were "extraordinarily intertwined"); *State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C.*, 2007 WL 2993840, *1 (E.D.N.Y. Oct. 10, 2007) (denying motion to quash subpoenas served on non-parties) ("[T]he scope of the subpoenas is appropriate for ascertaining the financial relationship of the moving defendants and non-parties.").

### Guo and GSNY Lack Standing to Move to Quash the Subpoenas

As a threshold matter, Guo and GSNY have not demonstrated that they have standing to challenge the subpoenas in question. As this Court has held, a party will not have standing to object to a subpoena directed to a third-party in the absence of a claim of privilege. *Arista Records LLS v. Lime Group*, 2010 WL 11586794, at *1 (S.D.N.Y. Oct. 10, 2010) (Freeman, J.) (*citing Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2459 (3d ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.") (footnote omitted).

As recently as last month, this Court reiterated the rule on standing to quash nonparty subpoenas, denying a motion to quash for lack of standing. *See Wood*, 2019 WL 6174369, at *8 ("As there is nothing in Defendants' May 15 letter that could be construed as claiming any "personal right or privilege" impacted by the information sought in the subpoenas, Defendants' motion to quash is denied for lack of standing."). Likewise, Guo and GSNY have not established any expectation of privacy in their business transactions with other corporations and have made no factual showing that the records are confidential. *Clayton Brokerage Co., Inc. v. Clement*, 87 F.R.D. 569, 571 (D.Md.1980) (bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents subpoenaed from his bank and, therefore, lacked standing to challenge the subpoena issued to the bank). Here, "neither a personal privilege nor right has been asserted…as the basis for their motion to quash the subpoena. Accordingly, the defendants have no standing to object to the subpoena served by the plaintiff on the non-party." *Freydl v. Meringolo,* 2011 WL 1226226, at *1 (S.D.N.Y. Mar. 25, 2011).

---

[3] To be clear, Strategic is not asserting that Guo is liable under an alter ego theory; it is instead asserting that his entities work as a unit under his direction under funding provided by an entity—ACA—with Mainland ties and which could be shut down if the PRC wanted to do so, but has instead been allowed to operate.



Graves Garrett LLC

Guo and GSNY do not present any personal right or privilege that would be impacted by the information sought—indeed, their counsel refuses to even specify which persons' information is implicated. Instead, they object on the basis that the subpoenas to Google and AT&T are "patently overbroad, unduly burdensome, and plainly harassing." Dkt. No. 192. An "undue burden" objection cannot succeed here. It is the subpoena recipients themselves, not Guo and GSNY, who have standing to challenge the third-party subpoenas as overly broad or unduly burdensome. *See* Fed. R. Civ. P. 45(c)(2)(B), 45(c)(3). *See Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 7180662, at *4 (N.D. Cal. Nov. 16, 2015). "Because the subpoena does not obligate Defendant to do or produce anything," GSNY and Guo cannot object to the subpoena on the grounds that it would constitute an undue burden. *Malibu Media, LLC v. Doe*, 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016). Additionally, because the subpoenas seek only names, addresses, registration, account and billing information—not contents of communications—Guo and GSNY cannot raise a plausible claim of privilege or right that the subpoena would impair. *See Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950, 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) ("[C]ourts in various jurisdictions around the country have extensively addressed this issue ... and those courts have held that John Doe Defendants generally have no standing to move to quash [a] subpoena that is issued to a third party, such as an ISP, on the basis of undue burden." (internal quotation marks omitted)).

Guo and GSNY object to production of the AT&T and Google records on the grounds of confidentiality but cite no authority to support their argument. *See* Fed.R.Civ.P. 45(c)(3)(A)(iii). Where no privilege attaches to the records and production "would not reveal information of the sensitive nature explicitly specified in Rule 45(c)(3)(B)," the subpoenas must be enforced." *In re Application of FB Foods, Inc.*, 2005 WL 2875366, at *1 (S.D.N.Y. Nov. 2, 2005) (citations omitted). Guo and GSNY do not assert any specific privilege or personal right with regard to the documents sought by Strategic Vision's subpoenas. *Arista Records*, 2010 WL 11586794 at *1. "[T]he claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoena was served." *Samad Bros., Inc. v. Bokara Rug Co. Inc.,* No. 09-CV-5843, 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010).

Here, the subpoenas directed providers AT&T and Google—not Guo and GSNY—to produce information. "Because the subpoena does not obligate Defendant to do or produce anything," Defendant cannot object to the subpoena on the grounds that it would constitute an undue burden. *Malibu Media*, 2016 WL 5478433, at *3. Even if Guo and GSNY had standing, they would be unable to show that the subpoenas to AT&T and Google constitute an undue burden. "Because the burden [of proof] is on the party seeking to quash a subpoena, that party cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Kirschner v. Klemons*, No. 99-CV-4828, 2005 WL 1214330, at *3 (S.D.N.Y. May 19, 2005) (citation omitted). Contrary to Guo and GSNY's assertion, Strategic Vision's subpoenas would not provide it with access to Guo's or GSNY's Internet downloads or the content of its communications. Production of this narrow and limited set of information does not pose an undue burden. *Strike 3 Holdings, LLC v. Doe*, No. 17-CV-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018).



Graves Garrett LLC

Guo and GSNY's ability to challenge these subpoenas is restricted to protecting their privileged information, if any. To the extent Guo or GSNY has any other objection other than privilege, they have no standing to assert that objection. "Outside the context of a party claiming attorney-client privilege or some other personal right, only persons to whom subpoenas are directed have standing to challenge their validity through a motion to quash." *DeMarco v. Chomas,* 08-CV-143, 2008 WL 4693541 at *3 (E.D. Wis. Oct. 23, 2008) (citing *Hunt Intl Resources Corp. v. Binstein,* 98 F.R.D. 689, 690 (N.D. Ill. 1983) and *Brown v. Braddick,* 595 F.2d 961, 967 (5th Cir. 1979)).

### Guo and GSNY's Objections about Confidentiality Fail

Guo and GSNY object on the basis of confidentiality, complaining that the subpoenas to AT&T seek "invasive and private" records (Dkt. No. 191) and that the subpoenas to Google seek "private contact information" that "in the wrong hands could compromise their safety." Dkt. No. 192. But as this Court has held, a claim of confidentiality is not a ground to withhold production of third-party discovery, at least where the case has a protective order. *Koch v. Greenberg,* 2009 WL 2143634, at *2 (S.D.N.Y. July 14, 2009) (Freeman, J.) (quoting *Rankine v. Roller Bearing Co. of America, Inc.,* 2013 WL 3992963, at *4 (S.D. Cal. Aug. 5, 2013)) (denying the motion to quash a subpoena and finding that the stipulated protective order adequately addresses any concerns regarding the production of potentially confidential commercial information).

As this Court has held, to the extent the information sought in the nonparty subpoenas is confidential, "this issue can be addressed by a protective order," which is already in place in this matter. *See Koch,* 2009 WL 2143634, at *2. Like the plaintiff in *Koch,* Guo and GSNY's claim of confidentiality fails as a basis of withholding the discovery. "Accordingly, quashing or modifying the Subpoenas when such a protective order remains outstanding is unwarranted." *Id.* (citing *Kleimar,* 220 F. Supp. 3d at 522 (where the opposing party's "confidentiality issues can be addressed by a protective order . . . such concerns are not severe enough to warrant quashing the subpoena"); *Coen,* 2014 WL 1237258, at *1 (denying defendants' motion to quash and agreeing with plaintiff that "defendants' confidentiality concerns may be addressed by having the [confidential] documents designated as confidential pursuant to the parties' Confidentiality Agreement.").

### Guo and GSNY's Remaining Objections Fail to State with Particularity the Grounds for Objecting

Counsel for Guo and GSNY have asserted blanket objections to the entirety of the AT&T subpoena seeking information related to eight phone accounts, to the Google subpoena seeking information related to eight YouTube accounts, and to the Gmail subpoena seeking information related to six email accounts. The objection letters filed with this Court, Dkt. Nos. 191 and 192, do not specify to which portions of the subpoena counsel for Guo and GSNY object; indeed, they concede that only one of the YouTube accounts and one of the six email addresses belong to their clients and refuse outright to specify which of the eight AT&T numbers belong to their clients. Numerous informal conferences to resolve this dispute have yielded no further information from Guo and GSNY's counsel.



**Graves Garrett** LLC

These vague, unsupported objections do not provide Strategic Vision sufficient information to offer to narrow the requests, much less allow this Court to quash the discovery. "A non-party's Rule 45(d)(2)(B) objections to discovery requests in a subpoena are subject to the same prohibition on general or boiler-plate [or unsupported] objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections." *American Federation of Musicians of the United States and Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 46 (N.D.Tex., 2015) ((citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2004), and adopting "the explanations in *Heller* of what is required to make proper objections and how to properly respond to discovery requests"). Although [Federal Rule of Civil Procedure] 34 governs document discovery from a party and not a non-party, see Fed. R. Civ. P. 34(c)," "Rule 34(b)(1)'s reasonable particularity requirement should apply with no less force to a subpoena's document requests to a non-party," so too "a non-party's Rule 45(d)(2)(B) objections to those requests should be subject to the same requirements facing a party objecting to discovery under Rule 34." *Am. Fed'n*, 313 F.R.D. at 44, 46.

### Counsel for Guo and GSNY Unlawfully Interfered with a Third Party Subpoena, Which Should Be Enforced

On December 23, 2019, Strategic Vision learned that counsel for nonparties Guo and Golden Spring (New York) Ltd. ("GSNY") interfered with duly-served subpoenas on at least one third party (there may be others) by asking the third party not to produce information covered by the subpoena, though no motion to quash had been filed. Ex. C, E. There is no basis for defense counsel to interfere with the proper service of a subpoena on a third party where no motion to quash was filed, and multiple courts have sanctioned counsel for advising third parties not to comply with a subpoena.[4]

As a result of this interference, Strategic Vision notified this third party, GoDaddy, that no motion to quash had been filed and this Court had not entered any order related to GoDaddy. Ex. D. Strategic Vision notified GoDaddy of its obligation to produce responsive documents that GoDaddy itself had no objection to producing, and GoDaddy agreed that in the absence of a motion to quash, it would produce responsive information. *Id.* Nevertheless, despite being notified of its inappropriate interference with discovery, counsel for Guo and GSNY notified GoDaddy that it was not to provide responsive information, and belatedly filed a motion that failed to list any personal right or privilege with regard to the documents sought by the subpoenas. Dkt. No. 225.

This Court should not allow counsel for a nonparty to improperly interfere with subpoenas seeking information from *entirely different third parties*. Advising a third party to ignore a subpoena is sanctionable behavior. *See e.g., Moses v. Am. Apparel Retail, Inc.*, 2015 WL 4665968, at *13 (W.D. Tenn. Aug. 6, 2015) (finding plaintiff's interference in third-party subpoenas to be sanctionable conduct and grounds for dismissal in a case where plaintiff advised non-party to not comply with subpoena); *Price v. Trans Union, LLC*, 847 F.Supp.2d 788, 794 (E.D.Pa.2012)

---

[4] Most recently, the general counsel of another Guo-controlled entity, the Rule of Law Foundation, contacted key witness Sasha Gong and told her she would not need to comply with a subpoena by attending her duly-noticed deposition on November 27, 2019, since Guo was going to file a motion to block all third-party discovery. (*See* Dkt. No. 210, p.2, recounting the November 22, 2019 incident).



**Graves Garrett** LLC

("Nowhere in the Rule is it contemplated that the adversary of the party seeking the information may advise, no matter the reasons, the person commanded by the subpoena to produce the information to ignore the subpoena's command. Yet, that is exactly what happened here. Mr. Soumilas took it upon himself to limit or attempt to "quash" the subpoenas by sending his Advice Letters. In doing so he arrogated to himself a power assigned to the Court under the Rule. The violation is clear and it is sanctionable."); *Fox Indus., Inc. v. Gurovich*, No. 03-5166, 2006 WL 2882580 (E.D.N.Y. Oct. 6, 2006) ("the court finds that the letters sent by Schwarz to the non-parties are sanctionable, whether they were faxed to Saffer matter of law and that the recipients "may not comply with [the] illicit subpoenas..." It is the court's duty to rule on the validity of subpoenas and to direct the recipients to comply or not comply, not the attorney's, and Mr. Schwarz has, simply put, usurped the authority of the court."); *Hatamian*, 2015 WL 7180662, at *4 ("the adversary of the party seeking the information cannot move to quash or otherwise challenge a third-party subpoena, nor can the adversary advise third parties to object to the subpoena or ignore its production command."); *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2011 WL 3359998, at *3 (W.D.N.Y. Aug. 3, 2011) (awarding sanctions where "but for [plaintiff counsel's erroneous] advice to [subpoena subject] that Defendant's subpoena should be dishonored[, subject] would have timely complied without the necessity of the instant motion to compel.").

In any event, the subpoenas to GoDaddy should be enforced for the same reasons as those to AT&T and Google—counsel for Guo and GSNY lack standing to object to those subpoenas in their entirety; six of the eight domains for which registration information is sought belong to entities other than Guo or GSNY that did not object; and Guo and GSNY have made no attempt to show a claim of privilege or personal right to any information responsive to those subpoenas. The motion to quash must be denied.

For all of these reasons, Strategic Vision respectfully requests the Court enter an order enforcing the subpoenas to AT&T, Google, and GoDaddy, and enjoining counsel for Guo and GSNY from further interference with third-party subpoenas in this matter. Strategic Vision is available for a conference to discuss these matters further.

Respectfully submitted,

Edward D. Greim
Attorney for Defendant/Counterclaimant

# EXHIBIT C

| From: | NYSD_ECF_Pool@nysd.uscourts.gov |
| To: | CourtMail@nysd.uscourts.gov |
| Subject: | Activity in Case 1:18-cv-02185-JGK-DCF Eastern Profit Corporation Limited v. Strategic Vision US LLC Order on Motion for Discovery |
| Date: | Friday, January 17, 2020 9:05:18 AM |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Southern District of New York

### Notice of Electronic Filing

The following transaction was entered on 1/17/2020 at 10:05 AM EST and filed on 1/17/2020
**Case Name:**      Eastern Profit Corporation Limited v. Strategic Vision US LLC
**Case Number:**    1:18-cv-02185-JGK-DCF
**Filer:**
**Document Number:** 247(No document attached)

**Docket Text:**
**ORDER granting in part and denying in part [228] Letter Motion for Discovery. For the reasons stated on the record of the conference held on 1/16/20 with counsel for the parties and for the interested non-parties: (1) the subpoena to AT&T dated 10/22/19 is quashed on the ground that Defendant has not shown that it calls for relevant information; (2) the subpoenas to Google (both for Gmail and YouTube account information) and GoDaddy dated 10/31/19 and 11/4/19 are modified to permit the discovery of ONLY the following information: the identity of the registrant of the specified accounts and information associated with that registrant, including contact information provided by the registrant (such as email and physical addresses) and the IP address from which the account was registered; and (3) the subpoena to Google dated 11/26/19 and any other subpoenas served fewer than 10 days before the 11/29/19 close of discovery are quashed as untimely, and counsel for Defendant is directed to withdraw those subpoenas. Defendant is further directed to provide to counsel for non-parties Mr. Guo, Golden Spring, Ms. Maistrello, and Mr. Je copies of all subpoenas that Defendant has served in this action that called for the production of information in which those non-parties may have an interest, and to make any produced documents available to such counsel for inspection. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra)**

**1:18-cv-02185-JGK-DCF Notice has been electronically mailed to:**

Peter A. Sullivan    psullivan@foleyhoag.com

Mark Alan Harmon    mharmon@hodgsonruss.com

Joanna J. Cline    clinej@pepperlaw.com, willauerd@pepperlaw.com

Edward Dean Greim    edgreim@gravesgarrett.com, ddeckard@gravesgarrett.com, ecf@gravesgarrett.com

Bryan Dean Leinbach    bleinbach@zeklaw.com, 1990580420@filings.docketbird.com, mantonivich@zeklaw.com

Jeffrey Samuel Gavenman    jgavenman@schulmanbh.com, jbustamante@schulmanbh.com, jschulman@schulmanbh.com

Jillian Marie Searles    jsearles@hodgsonruss.com

Zachary Bennett Grendi    zgrendi@zeklaw.com, 2856626420@filings.docketbird.com, CHutchinson@zeklaw.com

Erin Nicole Teske    eteske@hodgsonruss.com

Alexander Benjamin Spiro    alexspiro@quinnemanuel.com

Shrutih Ramlochan-Tewarie    stewarie@foleyhoag.com

Jennifer A Donnelli    jdonnelli@gravesgarrett.com

Christopher B. Chuff    chuffc@pepperlaw.com, provenzanok@pepperlaw.com

Lucinda Luetkmeyer    lluetkemeyer@gravesgarrett.com

Allison L McGuire    allisonmcguire@quinnemanuel.com

**1:18-cv-02185-JGK-DCF Notice has been delivered by other means to:**